The Honorable Bobby L. Glover State Senator Post Office Box 1 Carlisle, Arkansas 72024-0001
Dear Senator Glover:
You have requested my opinion regarding the Arkansas Freedom of Information Act ("FOIA").[1] I have paraphrased your question as follows:
 Oak Grove Cemetery is a private entity that receives its funding from voluntary donations by members of the public and the sale of burial plots. Recently, the cemetery received several voluntary donations by members of the public. Does the FOIA enable requesters to obtain (1) copies of those checks or (2) the names, addresses, and phone numbers of the people who donated?
RESPONSE
In my opinion, the answer to your question is "no." A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld. From the facts you have provided me, it appears Oak Grove Cemetery fails to meet the first element — it is not subject to the FOIA.
Private entities are subject to the FOIA only if (1) they are "wholly or partially supported by" public funds, and (2) their activities are intertwined with *Page 2 
government.[2] The first element — public funding — refers to "[m]oneys belonging to government, or any department of it, in hands of public officials." The term "public funds" does not mean moneys voluntarily donated to organizations by members of the public.[3]
Your factual background indicates that the cemetery receives all its money from the sale of burial plots and voluntary donations by private individuals. Therefore, the Oak Grove Cemetery fails to meet the first element required before any private organizations can be subject to the FOIA.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN MCDANIEL Attorney General
DM/RO:cyh
[1]
A.C.A. §§ 25-19-101 to 25-19-110 (Repl. 2002 Supp. 2009).
[2] City of Fayetteville v. Edmark,304 Ark. 179, 801 S.W.2d 275 (1990); e.g. Op. Att'y Gen. Nos. 2008-0154; 96-28; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT T, 60-64 (5th ed., m m Press 2009).
[3] While the FOIA does not define "public funds," the Arkansas Supreme Court has. Sebastian County Chapter of American RedCross v. Weatherford,311 Ark. 656, 659, 846 S.W.2d 641, 644 (1993). Public funds can originate from federal (Op. 95-273), state (Op. 95-128), or local (Op. 96-290) levels.